**JOHN F. McGRORY**, OSB #813115
johnmcgrory@dwt.com
Telephone: 503-778-5204
Facsimile: 503-778-5299
**GREGORY A. CHAIMOV**, OSB #822180
gregorychaimov@dwt.com
Telephone: 503-778-5328
Facsimile: 503-778-5299
**FRED BURNSIDE**, OSB #096617
fredburnside@dwt.com
Telephone: 206-757-8016
**DAVIS WRIGHT TREMAINE LLP**
1300 SW Fifth Avenue, Suite 2400
Portland, Oregon 97201

    Attorneys for Defendants Mortgage Electronic
Registration System, Inc. and MERSCORP Holdings, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **COUNTY OF MULTNOMAH,**<br><br>    Plaintiff,<br><br>v.<br><br>**MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.,** a Delaware corporation; et al.,<br><br>    Defendants. | Case No. 3:15-cv-01246-PK<br><br>**DEFENDANT MERSCORP HOLDINGS, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>**ORAL ARGUMENT REQUESTED** |
| **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,**<br><br>    Defendant/Counterclaim-Plaintiff,<br><br>v.<br><br>**COUNTY OF MULTNOMAH,**<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>and | |

Page 1 – DEF MERSCORP HOLDINGS, INC.'S MOTION FOR SJ - ORAL ARGUMENT REQUESTED

DWT 27391743v1 0096475-000008

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

| |
|---|
| **FEDERAL HOME LOAN MORTGAGE CORPORATION,** |
| and |
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION,** |
| Counterclaim-Defendants. |

## PRELIMINARY NOTE

This Motion was originally filed in Multnomah County Circuit Court, Case No. 1212-16328, on June 11, 2015 ("state court action"). The state court action was removed to this Court on July 6, 2015. On July 17, 2015, this Court asked that all motions for summary judgment filed in the state court action be refiled in this Court. Except for the Federal Court caption, this Motion is identical to the motion filed in the state court action.

## UTCR 5.050 INFORMATION

Defendant MERSCORP Holdings, Inc. requests 30 minutes for oral argument. Official court reporting services are requested.

## MOTION

Pursuant to Oregon Rule of Civil Procedure 47 B, Defendant MERSCORP Holdings, Inc. ("MERSCORP") moves for summary judgment on all of the claims brought by Plaintiff Multnomah County (the "County"). In support of its motion, MERSCORP relies on the points and authorities below and the declaration of Robert Jefferson, an employee and in-house corporate counsel to MERSCORP, which demonstrates that MERSCORP is not a party to any deeds of trust, has not recorded any deeds of trust in the public land records, and has not possessed or transferred any promissory notes secured by any deeds of trust recorded in the public land records. (Jefferson Decl. attached as Ex. A.)

## POINTS AND AUTHORITIES

### I. INTRODUCTION

There is no evidence showing that MERSCORP has engaged in any of the allegedly

Page 2 – DEF MERSCORP HOLDINGS, INC.'S MOTION FOR SJ - ORAL ARGUMENT REQUESTED

DWT 27391743v1 0096475-000008

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

wrongful conduct asserted in the Third Amended Complaint ("Complaint") and summary judgment should be entered in MERSCORP's favor. MERSCORP is the parent corporation of Mortgage Electronic Registration Systems, Inc. ("MERS") and its status as a parent corporation is insufficient to establish a claim against MERSCORP as a matter of Oregon law.

Plaintiff Multnomah County ("County") essentially complains about two things: (1) that the recording of deeds of trust in the public land records where borrowers and lenders agreed to designate MERS as the beneficiary as a nominee for the lender violates Oregon law; and (2) that when notes secured by these deeds of trust are transferred, documents evidencing the note transfers must be created and recorded in the public land records, and the County has been deprived of recording fees because these documents were not so created and recorded. The County's claims are flawed as a matter of law for the many reasons expressed in Defendants' joint motions for summary judgment, including that borrowers and lenders are free to contractually agree to name an agent for the lender, such as MERS, as the beneficiary on a deed of trust and there is no obligation to create and record a document evidencing the transfer of a note secured by a MERS deed of trust in the public land records.

In addition, MERSCORP is independently entitled to summary judgment because the County can point to no evidence showing that MERSCORP has engaged in any of the allegedly wrongful conduct asserted in the Complaint. There is no evidence showing that MERSCORP is a party to any deeds of trust, assignments of deeds of trust, promissory notes, or promissory note transfers. There is no evidence showing that MERSCORP is, or has been, designated as a beneficiary on any deeds of trust, that it has recorded any documents in the Multnomah County land records, or that it has ever possessed or transferred a promissory note. As the declaration of Robert Jefferson—an employee and in-house corporate counsel to MERSCORP—makes clear, MERSCORP is in fact not named the beneficiary on deeds of trust; does not assign deeds of trust; is not a party to deeds of trust; does not record deeds of trust; and does not hold, possess, or transfer any promissory notes. (*See* Jefferson Decl., Ex. A.) Thus, in addition to being legally

Page 3 – DEF MERSCORP HOLDINGS, INC.'S MOTION FOR SJ - ORAL ARGUMENT REQUESTED

DWT 27391743v1 0096475-000008

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

flawed, the County's claims against MERSCORP fail as a matter of law because the County has not proffered any evidence showing that MERSCORP engaged in any of the allegedly wrongful conduct asserted in the Complaint.

MERSCORP is merely the parent company of MERS. And Oregon law is well-settled that MERSCORP cannot be held liable because of its corporate status as a parent company. Because the County has not proffered any evidence showing that MERSCORP engaged in any of the allegedly wrongful conduct alleged in the Complaint, MERSCORP is entitled to summary judgment for this additional reason.

II.  **FACTUAL BACKGROUND**

    A.    **The County Claims It Was Harmed By The Recording Of Trust Deeds Where The Borrower And Lender Agreed To Name MERS As The Beneficiary.**

The County filed this action because it accepted for recording deeds of trust in which the borrower and lender agreed to name MERS as the beneficiary as an agent for the lender and its successors and assigns. (TAC ¶¶ 67(a), 108, 117, 156, 164-172, 203-205, 214-216, 218, 225(a).) The County claims that, when the borrower and lender contractually agreed to name MERS as the beneficiary as the lender's nominee, that designation was "fraudulent." *Id.* The County also claims that it was deprived of recording fees because, once the deeds of trust designating MERS as the beneficiary were recorded, subsequent note transfers secured by those deeds of trust were not recorded, purportedly depriving the County of recording fees for the services it did not perform. (TAC ¶¶ 115, 148-149, 178-183, 223.)

Based on these allegations—that the recording of MERS deeds of trust is "false" and that promissory note transfers secured by these deeds of trust should be recorded—the County asserts claims for (a) fraudulent misrepresentation; (b) unjust enrichment; (c) negligence; (d) gross negligence; (e) declaratory and injunctive relief; and (f) punitive damages. (TAC ¶¶ 167-230.)

    B.    **There Is No Evidence Of Alleged Wrongdoing As To MERSCORP, Which Is A Separate Corporation From Its Subsidiary MERS And Is Not Named The**

Page 4 – DEF MERSCORP HOLDINGS, INC.'S MOTION FOR SJ - ORAL ARGUMENT REQUESTED

DWT 27391743v1 0096475-000008

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**Beneficiary On Any Trust Deeds.**

MERSCORP is the parent of MERS. (TAC ¶ 69.) MERSCORP is a separate corporation from its subsidiary MERS, each of them being separately incorporated under Delaware law, maintaining separate corporate formalities, and each having a board of directors that meet separately. (Jefferson Decl., Ex. A ¶¶ 10-13.) MERSCORP does not have, and there is no evidence of, any involvement in the wrongdoing alleged by the County in regard to any deeds of trust, promissory notes, or promissory note transfers. The undisputed facts show: MERSCORP is not named the beneficiary on deeds of trust; does not assign deeds of trust; is not a party to deeds of trust; and does not record deeds of trust in the public land records. (*Id.* ¶¶ 5-8.) Nor does MERSCORP lend money, or hold, possess, or transfer any promissory notes. (*Id.* ¶ 9.) The County fails to allege, much less provide evidence showing, that MERSCORP engaged in any of the allegedly wrongful conduct asserted in the Complaint and MERSCORP is entitled to summary judgment on all of the County's claims.

III. **ARGUMENT**

   A. **The Court Should Enter Summary Judgment In MERSCORP's Favor On All Claims Because The Undisputed Evidence Shows That MERSCORP Has Not Engaged In Any Alleged Wrongdoing.**

It is well-settled that summary judgment should be entered in a defendant's favor when "the pleadings, depositions, affidavits, declarations and admissions on file show that there is no genuine issue as to any material fact" and that the defendant "is entitled to prevail as a matter of law." ORCP 47 C; *O'Dee v. Tri-Cnty. Metro. Transp. Dist. of Oregon*, 212 Or App 456, 460 (2007). No issue of material fact exists if "no objectively reasonable juror could return a verdict" for the plaintiff "on the matter that is the subject of the motion for summary judgment." *O'Dee*, 212 Or App at 460 (quoting ORCP 47 C). Notably, because a "plaintiff would have the burden at trial of producing evidence of [the] defendant's [wrongdoing], she has the burden of producing evidence on that issue on summary judgment; that means that she must come forward with specific facts demonstrating a genuine issue for trial." *Id.*

Page 5 – DEF MERSCORP HOLDINGS, INC.'S MOTION FOR SJ - ORAL ARGUMENT REQUESTED

DWT 27391743v1 0096475-000008

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Applying this rule, Oregon courts routinely enter summary judgment in a defendant's favor when a plaintiff fails to produce any evidence demonstrating that the defendant engaged in any of the wrongdoing alleged in the complaint. *See e.g., Magno-Humphries, Inc. v. Apex Label & Sys., Inc.*, 269 Or App 561, 565 (2015) (affirming summary judgment in defendant's favor where plaintiff provided no evidence that defendant engaged in any wrongdoing); *O'Dee*, 212 Or App at 463 (affirming summary judgment in defendant's favor because "[t]he onus of evidentiary default in this case [] falls on plaintiff" to show that defendant engaged in wrongdoing) (citations omitted)); *see also McCain v. Kindred Healthcare, Inc.*, 6:10-CV-6212-SI, 2011 WL 6130713, at *1 (D Or Dec. 7, 2011) (granting summary judgment in defendant's favor where plaintiff provided no evidence showing that defendant engaged in the wrongdoing alleged in the complaint).[1]

Here, there is *no* evidence that MERSCORP engaged in any of the allegedly wrongful acts asserted in the Complaint. The County's claims rely on two core theories: (1) that it was harmed because it accepted deeds of trust for recording where the borrower and lender agreed to designate MERS as the beneficiary as the lender's nominee;[2] and (2) that it was harmed because documents memorializing the transfer of promissory notes secured by MERS deeds of trust were not created and recorded with the County each time the notes were transferred.[3] These theories are flawed as a matter of law for the reasons set forth in Defendants' joint motions for summary judgment. In addition, as to MERSCORP, the County's claims are independently flawed because there is *no* evidence showing that MERSCORP has recorded any deeds of trust with the County much less any that are somehow "fraudulent." Nor is there any evidence showing that

---

[1] "Oregon's Summary Judgment statute is taken directly from the Federal Rules of Civil Procedure, therefore the Federal interpretation of those rules is to be given considerable weight." *All-States Leasing Co. v. Pac. Empire Land Corp.*, 31 Or App 733, 737 n.4 (1977).

[2] (TAC ¶¶ 67(a), 108, 117, 156, 164-172, 203-205, 214-216, 218, 225(a).)

[3] (TAC ¶¶ 115, 148-149, 178-183, 223.)

Page 6 – DEF MERSCORP HOLDINGS, INC.'S MOTION FOR SJ - ORAL ARGUMENT REQUESTED

DWT 27391743v1 0096475-000008

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

MERSCORP was the transferee or transferor of any promissory notes secured by any deeds of trust recorded with the County. The County has the burden of persuasion on these issues at trial and its failure to produce evidence on these issues should result in summary judgment in MERSCORP's favor. ORCP 47 C; *O'Dee*, 212 Or App at 460; *see also Magno-Humphries, Inc.*, 269 Or App at 565; *McCain*, 2011 WL 6130713, at *1.

Indeed, the undisputed facts show that MERSCORP is in fact *not* named the beneficiary on deeds of trust; does not assign deeds of trust; is not a party to deeds of trust; does not record deeds of trust in the public land records; and does not hold, possess, or transfer any promissory notes secured by recorded deeds of trust. (Jefferson Decl., ¶¶ 5-9.) The only basis for MERSCORP's liability is that it is the parent corporation of MERS, which is not sufficient because "[i]t is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 US 51, 61 (1998); *see also* ORS § 60.151 (2) ("A shareholder of a corporation is not personally liable for the acts or debts of the corporation merely by reason of being a shareholder."); *Amfac Foods, Inc. v. Int'l Sys. & Controls Corp.*, 294 Or 94, 100 (1982) (holding that it "has been a cornerstone of corporate law in the United States since the nineteenth century" that a parent is not liable for its subsidiary's conduct); *accord Schlecht v. Equitable Builders, Inc., A. E. C. G.*, 272 Or 92, 97 (1975); *McCain*, 2011 WL 6130713, at *1; *Acrymed, Inc. v. Convatec*, 317 F Supp 2d 1204, 1213 (D Or 2004).

MERSCORP is a separate corporation from its subsidiary MERS, each of them being separately incorporated under Delaware law, maintaining separate corporate formalities, and each having a board of directors that meet separately. (Jefferson, Decl., Ex. A ¶¶ 10-13.) In the absence of evidence showing that MERSCORP, itself, engaged in wrongdoing, summary judgment in MERSCORP's favor is proper. *See Amfac Foods, Inc.*, 294 Or at 100 (holding that parent could not be held liable for wholly-owned subsidiary's conduct absent showing of wrongdoing as to the parent); *Schlecht*, 272 Or at 97 (holding that parent corporation could not

Page 7 – DEF MERSCORP HOLDINGS, INC.'S MOTION FOR SJ - ORAL ARGUMENT REQUESTED

DWT 27391743v1 0096475-000008

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

be held liable for wholly-owned subsidiary's conduct where plaintiff provided no evidence of wrongdoing on behalf of parent); *McCain*, 2011 WL 6130713, at *1 (granting summary judgment in favor of parent "holding corporation" where plaintiff produced no evidence that parent engaged in wrongdoing); *Acrymed, Inc.*, 317 F Supp 2d at 1213 (granting summary judgment in parent corporation's favor where parent corporation argued that it "had no involvement in the actions leading to the dispute" and plaintiff failed to produce evidence showing that parent engaged in wrongful conduct).

## IV. CONCLUSION

In addition to being entitled to summary judgment for the reasons expressed in Defendants' joint motions for summary judgment, MERSCORP is entitled to summary judgment because the County has failed to meet its burden of producing evidence showing that MERSCORP engaged in any of the allegedly wrongful conduct asserted in the Complaint.

DATED this 20th day of July, 2015.

DAVIS WRIGHT TREMAINE LLP

By /s/ JOHN F. McGRORY
    **JOHN F. McGRORY**, OSB #813115
    johnmcgrory@dwt.com
    Telephone: 503-778-5204
    Facsimile: 503-778-5299
    **GREGORY A. CHAIMOV**, OSB #822180
    gregorychaimov@dwt.com
    Telephone: 503-778-5328
    Facsimile: 503-778-5299

    Attorneys for Defendants Mortgage Electronic Registration System, Inc. and MERSCORP Holdings, Inc. Corporation

Page 8 – DEF MERSCORP HOLDINGS, INC.'S MOTION FOR SJ - ORAL ARGUMENT REQUESTED

DWT 27391743v1 0096475-000008

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax