**Cody M. Weston**, OSB No. 984290
CWeston@perkinscoie.com
**Kristina J. Holm**, OSB No. 112607
KJHolm@perkinscoie.com
**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Counterclaim-Defendant
Federal National Mortgage Association

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| COUNTY OF MULTNOMAH,<br><br>    Plaintiff,<br><br>    v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; MERSCORP HOLDINGS, INC., previously MERSCORP., INC.; BANK OF AMERICA, N.A., dba BANC OF AMERICA INVESTMENT SERVICES, INC., a Florida corporation; JPMORGAN CHASE BANK, N.A., a Delaware corporation; CITIMORTGAGE, INC., a New York corporation; EVERBANK MORTGAGE COMPANY, a division of EVERBANK, a Florida corporation; SUNTRUST MORTGAGE, INC., a Virginia corporation; WELLS FARGO BANK, NATIONAL ASSOCIATION, a foreign corporation; WMC MORTGAGE CORPORATION, a California corporation; CITIZENS BANCORP, dba CITIZENS BANK, an Oregon corporation; | No. 3:15-cv-01246-PK<br><br>**COUNTERCLAIM-DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S ANSWER TO MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S COUNTERCLAIMS** |

1- FANNIE MAE'S ANSWER TO MERS'S COUNTERCLAIMS

19260-0002/LEGAL126889437. 6

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

| | |
|---|---|
| WEST COAST BANCORP, dba WEST COAST BANK, an Oregon corporation; and U.S. BANK NATIONAL ASSOCIATION, an Ohio corporation,<br><br>      Defendants. | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>      Defendant/Counterclaim-Plaintiff,<br><br>  v.<br><br>COUNTY OF MULTNOMAH,<br><br>      Plaintiff/Counterclaim-Defendant,<br><br>  and<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>  and<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>      Counterclaim-Defendants. | |

For its Answer to the Counterclaims of defendant/counterclaim-plaintiff Mortgage Electronic Registration Systems, Inc. ("MERS"), counterclaim-defendant Federal National Mortgage Association ("Fannie Mae") answers as follows:

1.     Fannie Mae admits the allegations in paragraph 1.

## The Parties

2.     Fannie Mae admits the allegation in paragraph 2.

3.     Fannie Mae admits the allegations in paragraph 3.

4.     Fannie Mae admits the allegations in the first sentence of paragraph 4.  The second sentence of paragraph 4 is a legal conclusion.  To the extent an answer is required, Fannie

2- FANNIE MAE'S ANSWER TO MERS'S COUNTERCLAIMS

19260-0002/LEGAL126889437. 6

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Mae admits that, to the extent that plaintiff Multnomah County in its Third Amended Complaint ("Complaint") seeks to invalidate recorded Freddie Mac deeds of trust, Freddie Mac has an interest that would be affected by the counterclaims.

5.  Fannie Mae admits the allegations in the first sentence of paragraph 5. The second sentence of paragraph 5 is a legal conclusion. To the extent an answer is required, Fannie Mae admits that, to the extent that plaintiff's Complaint seeks to invalidate recorded Fannie Mae deeds of trust, it has an interest that would be affected by the counterclaims.

### Promissory Notes And Deeds Of Trust

6.  Fannie Mae admits the allegations in paragraph 6.

7.  Paragraph 7 consists of legal conclusions. To the extent that an answer is required, Fannie Mae admits the allegations in paragraph 7.

8.  Paragraph 8 consists of legal conclusions. To the extent that an answer is required, Fannie Mae admits the allegations in paragraph 8.

9.  Paragraph 9 consists of legal conclusions. To the extent that an answer is required, Fannie Mae admits the allegations in paragraph 9.

10. Paragraph 10 consists of legal conclusions. To the extent that an answer is required, Fannie Mae admits the allegations in paragraph 10.

11. Paragraph 11 consists of legal conclusions. To the extent that an answer is required, Fannie Mae admits the allegations in paragraph 11.

### MERS As The Record Lien Holder On A Security Instrument As The Lender's Nominee

12. Fannie Mae admits the allegations in paragraph 12.

13. Paragraph 13 consists of legal conclusions. To the extent that an answer is required, Fannie Mae refers to the Governing Documents for the contents thereof.

14. Paragraph 14 consists of legal conclusions. To the extent that an answer is required, Fannie Mae admits that MERS is permitted to serve as the nominee on a deed of trust

3- FANNIE MAE'S ANSWER TO MERS'S COUNTERCLAIMS

19260-0002/LEGAL126889437. 6

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

for the Lender and for any successors and assigns of the Lender, who are also members of the MERS® System.

15. Fannie Mae admits the allegations in paragraph 15.

# COUNT 1

# DECLARATORY RELIEF

**(Against Plaintiff/Counterclaim-Defendant Multnomah County and Counterclaim-Defendant Freddie Mac)**

16. In response to paragraph 16, Fannie Mae incorporates its answers to paragraphs 1 through 15.

17. Fannie Mae states that the allegations in paragraph 17 are not directed at Fannie Mae and, as such, an answer is not required.

18. Fannie Mae states that the allegations in paragraph 18 are not directed at Fannie Mae and, as such, an answer is not required.

19. Fannie Mae states that the allegations in paragraph 19 are not directed at Fannie Mae and, as such, an answer is not required.

20. Fannie Mae states that the allegations in paragraph 20 are not directed at Fannie Mae and, as such, an answer is not required.

21. Fannie Mae states that the allegations in paragraph 21 are not directed at Fannie Mae and, as such, an answer is not required.

22. Fannie Mae states that the allegations in paragraph 22 are not directed at Fannie Mae and, as such, an answer is not required.

4- FANNIE MAE'S ANSWER TO MERS'S COUNTERCLAIMS

19260-0002/LEGAL126889437. 6

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**The Designation Of MERS As The "Beneficiary" As The Nominee Or Agent For The Lender Is Not Contrary To Public Policy Or Oregon Law, And Does Not Render The Freddie Mac Trust Deed, Or The Recording Of The Freddie Mac Trust Deed, Invalid Or Unenforceable**

23. Fannie Mae states that the allegations in paragraph 23 are not directed at Fannie Mae and, as such, an answer is not required.

24. Fannie Mae states that the allegations in paragraph 24 are not directed at Fannie Mae and, as such, an answer is not required.

25. Fannie Mae states that the allegations in paragraph 25 are not directed at Fannie Mae and, as such, an answer is not required.

26. Fannie Mae states that the allegations in paragraph 26 are not directed at Fannie Mae and, as such, an answer is not required.

27. Fannie Mae states that the allegations in paragraph 27 are not directed at Fannie Mae and, as such, an answer is not required.

28. Fannie Mae states that the allegations in paragraph 28 are not directed at Fannie Mae and, as such, an answer is not required.

**The Priority Established By The Recording Of The Freddie Mac Trust Deed Remains When The Note Secured By That Trust Deed Was Transferred To Freddie Mac**

29. Fannie Mae states that the allegations in paragraph 29 are not directed at Fannie Mae and, as such, an answer is not required.

30. Fannie Mae states that the allegations in paragraph 30 are not directed at Fannie Mae and, as such, an answer is not required.

31. Fannie Mae states that the allegations in paragraph 31 are not directed at Fannie Mae and, as such, an answer is not required.

32. Fannie Mae states that the allegations in paragraph 32 are not directed at Fannie Mae and, as such, an answer is not required.

5- FANNIE MAE'S ANSWER TO MERS'S COUNTERCLAIMS

19260-0002/LEGAL126889437. 6

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

## COUNT II

## DECLARATORY RELIEF

**(Against Plaintiff/Counterclaim-Defendant Multnomah County and Counterclaim-Defendant Fannie Mae)**

33. In response to paragraph 33, Fannie Mae incorporates its answers to paragraphs 1 through 15.

34. Fannie Mae refers to the Fannie Mae Trust Deed for the contents thereof. To the extend an answer is required, Fannie Mae lacks sufficient information and belief to admit or deny the allegations in paragraph 34.

35. Fannie Mae refers to the Fannie Mae Trust Deed for the contents thereof. To the extend an answer is required, Fannie Mae lacks sufficient information and belief to admit or deny the allegations in paragraph 35.

36. Fannie Mae refers to the Fannie Mae Trust Deed for the contents thereof. Fannie Mae admits that it currently holds the Fannie Mae Note, which is secured by the Fannie Mae Trust Deed.

37. Fannie Mae admits the allegations in paragraph 37.

38. Fannie Mae refers to the Fannie Mae Trust Deed for the contents thereof.

39. Fannie Mae refers to the Fannie Mae Trust Deed for the contents thereof.

40. Fannie Mae refers to the Fannie Mae Trust Deed for the contents thereof.

41. Fannie Mae admits that the Fannie Mae Trust Deed was presented and accepted for recording, and that presumably the County determined that all of the legal requirements for recording a trust deed were met.

6-   FANNIE MAE'S ANSWER TO MERS'S COUNTERCLAIMS

19260-0002/LEGAL126889437. 6

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

### The Designation Of MERS As The "Beneficiary" As The Nominee Or Agent For The Lender Is Not Contrary To Public Policy Or Oregon Law, And Does Not Render The Fannie Mae Trust Deed, Or The Recording Of The Fannie Mae Trust Deed, Invalid Or Unenforceable

42. Fannie Mae admits that paragraph 42 describes certain claims by the County alleged in the Complaint. Fannie Mae denies the County's allegations in their entirety to the extent that they seek to invalidate the perfected security interests of the Fannie Mae Trust Deed or Fannie Mae Note.

43. Fannie Mae admits that paragraph 43 describes certain claims by the County alleged in the Complaint. Fannie Mae denies the County's allegations in their entirety to the extent that they seek to invalidate the perfected security interests of the Fannie Mae Trust Deed or Fannie Mae Note.

44. Fannie Mae admits that paragraph 44 describes certain claims by the County alleged in the Complaint. Fannie Mae denies the County's allegations in their entirety to the extent that they seek to invalidate the perfected security interests of the Fannie Mae Trust Deed or Fannie Mae Note.

45. Paragraph 45 consists of legal conclusions. To the extent that an answer is required, Fannie Mae admits the allegations in paragraph 45.

46. Paragraph 46 consists of legal conclusions. To the extent that an answer is required, Fannie Mae admits the allegations in paragraph 46.

### The Priority Established By The Recording Of The Fannie Mae Trust Deed Remains When The Note Secured By That Trust Deed Was Transferred To Fannie Mae

47. Fannie Mae admits that paragraph 47 describes certain claims by the County alleged in the Complaint. Fannie Mae denies the County's allegations in their entirety to the extent that they seek to invalidate the perfected security interests of the Fannie Mae Trust Deed or Fannie Mae Note.

7- FANNIE MAE'S ANSWER TO MERS'S COUNTERCLAIMS

19260-0002/LEGAL126889437. 6

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

48. Paragraph 48 consists of legal conclusions. To the extent that an answer is required, Fannie Mae admits the allegations in paragraph 48.

49. Paragraph 49 consists of legal conclusions. To the extent that an answer is required, Fannie Mae admits the allegations in paragraph 49.

50. Paragraph 50 consists of legal conclusions and is a request for relief to which no response is required. To the extent a response is required, Fannie Mae admits that MERS has accurately described the law.

WHEREFORE, Counterclaim-Defendant Fannie Mae respectfully requests:

1. A judicial declaration that under Oregon law, the Fannie Mae Trust Deed is a valid and enforceable lien;

2. A judicial declaration that under Oregon law, Fannie Mae, as the current holder of the Fannie Mae Note, is entitled to the benefits of the Fannie Mae Trust Deed and the benefits of the lien, including but not limited to the priority of that lien, that were obtained when the Fannie Mae Trust Deed was recorded on December 9, 2014;

3. An award of Fannie Mae's costs and disbursements, and its reasonable attorney fees, to the extent allowed by law; and

4. Such other and further relief as the Court may deem appropriate.

DATED: July 23, 2015

s/ Cody M. Weston
**Cody M. Weston**, OSB No. 984290
CWeston@perkinscoie.com
**Kristina J. Holm**, OSB No. 112607
KJHolm@perkinscoie.com
**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Counterclaim-Defendant Fannie Mae

8- FANNIE MAE'S ANSWER TO MERS'S COUNTERCLAIMS

19260-0002/LEGAL126889437. 6

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222