**Philip A. Rush**, OSB No. 893526
prush@martinbischoff.com
**Michael J. Farrell**, OSB No. 902587
mfarrell@martinbischoff.com
**Alice S. Newlin**, OSB No. 084314
anewlin@martinbischoff.com
MARTIN BISCHOFF TEMPLETON LANGSLET & HOFFMAN LLP
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone: (503) 224-3113
Facsimile: (503) 224-9471

Attorneys for Counterclaim-Defendant Federal
Home Loan Mortgage Corporation

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### Portland Division

| | |
|---|---|
| **COUNTY OF MULTNOMAH,**<br><br>Plaintiff,<br><br>v.<br><br>**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**, a Delaware corporation, et al.,<br><br>Defendants.<br><br>**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,**<br><br>Defendant/Counterclaim-Plaintiff,<br><br>v.<br><br>**COUNTY OF MULTNOMAH,**<br><br>Plaintiff/Counterclaim-Defendant,<br><br>and | Case No. 3:15-cv-01246-PK<br><br>COUNTERCLAIM-DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS |

Page 1 -   COUNTERCLAIM-DEFENDANT FEDERAL HOME LOAN
           MORTGAGE CORPORATION'S ANSWER TO COUNTERCLAIMS

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113
Fax (503) 224-9471

**FEDERAL HOME LOAN MORTGAGE CORPORATION**, and **FEDERAL NATIONAL MORTGAGE ASSOCIATION**,

　　　　Counterclaim-Defendants.

In response to the counterclaims alleged in Counterclaim Plaintiff Mortgage Electronic Registration Systems, Inc.'s ("MERS") Answer and Affirmative Defenses and Counterclaims ("the Counterclaims"), Counterclaim Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") admits, denies, and affirmatively alleges as follows.

　　1.　　Freddie Mac admits the allegations in Paragraph 1 of the Counterclaims.

　　2.　　Freddie Mac admits the allegations in Paragraph 2 of the Counterclaims.

　　3.　　Freddie Mac admits the allegations in Paragraph 3 of the Counterclaims.

　　4.　　Paragraph 4 states conclusions of law, and therefore, no response from Freddie Mac is necessary. To the extent that a response is required, Freddie Mac admits the allegations in the first sentence of Paragraph 4 of the Counterclaims. Freddie Mac further admits that, to the extent that plaintiff Multnomah County in its Third Amended Complaint seeks to invalidate recorded Freddie Mac deeds of trust and/or deprive Freddie Mac of the priority of its lien, Freddie Mac has an interest that would be affected by the counterclaims.

　　5.　　Paragraph 5 states conclusions of law, and therefore, no response from Freddie Mac is necessary. To the extent that a response is required, Freddie Mac admits the allegations in the first sentence of Paragraph 5 of the Counterclaims. Freddie Mac further admits that, to the extent that the Third Amended Complaint seeks to invalidate recorded Fannie Mae deeds of trust and/or deprive Fannie Mae of the priority of its lien, Fannie Mae has an interest that would be affected by the counterclaims.

Page 2 -　COUNTERCLAIM-DEFENDANT FEDERAL HOME LOAN
　　　　　　MORTGAGE CORPORATION'S ANSWER TO COUNTERCLAIMS

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

6. Freddie Mac admits the allegations in Paragraph 6 of the Counterclaims.

7. Paragraph 7 states conclusions of law and, therefore, no response from Freddie Mac is necessary. To the extent that a response is required, Freddie Mac admits the allegations in Paragraph 7.

8. Paragraph 8 states conclusions of law and, therefore, no response from Freddie Mac is necessary. To the extent that a response is required, Freddie Mac admits the allegations in Paragraph 8.

9. Paragraph 9 states conclusions of law and, therefore, no response from Freddie Mac is necessary. To the extent that a response is required, Freddie Mac admits the allegations in Paragraph 9.

10. Paragraph 10 states conclusions of law and, therefore, no response from Freddie Mac is necessary. To the extent that a response is required, Freddie Mac admits the allegations in Paragraph 10.

11. Paragraph 11 states conclusions of law and, therefore, no response from Freddie Mac is necessary. To the extent that a response is required, Freddie Mac admits the allegations in Paragraph 11.

12. Freddie Mac admits the allegations in Paragraph 12 of the Counterclaims.

13. Paragraph 13 states conclusions of law and, therefore, no response from Freddie Mac is necessary. To the extent that a response is required, Freddie Mac refers to the Governing Documents for the contents thereof.

14. Paragraph 14 states conclusions of law and, therefore, no response from Freddie Mac is necessary. To the extent that a response is required, Freddie Mac admits that MERS is

Page 3 -   COUNTERCLAIM-DEFENDANT FEDERAL HOME LOAN
           MORTGAGE CORPORATION'S ANSWER TO COUNTERCLAIMS

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

permitted to serve as the nominee on a deed of trust for the Lender and for any successors and assigns of the Lender, who are also members of the MERS® System.

15.  Freddie Mac admits the allegations in Paragraph 15 of the Counterclaims.

## COUNT I

### Declaratory Relief

16.  Paragraph 16 incorporates the allegations of the previous paragraphs 1 through 15 and no additional response is required. To the extent a response is required, Freddie Mac incorporates its previous answers to paragraphs 1 through 15 above, as if fully set forth herein.

17.  Freddie Mac lacks sufficient information and belief to admit or deny the allegations in Paragraph 17 of the Counterclaims.

18.  Freddie Mac lacks sufficient information and belief to admit or deny the allegations in Paragraph 18 of the Counterclaims.

19.  Freddie Mac refers to the Freddie Mac Trust Deed attached to the Counterclaims as Exhibit 1 for the contents thereof. Freddie Mac further admits that it currently holds the Freddie Mac note, which is secured by the Freddie Mac Trust Deed recorded on February 10, 2014.

20.  Freddie Mac admits the allegations in Paragraph 20 of the Counterclaims.

21.  Freddie Mac refers to the Freddie Mac Trust Deed for the contents thereof.

22.  Freddie Mac admits that the Freddie Mac Trust Deed was presented and accepted for recording, and that presumably the County determined that all of the legal requirements for recording a trust deed were met.

Page 4 -  COUNTERCLAIM-DEFENDANT FEDERAL HOME LOAN
MORTGAGE CORPORATION'S ANSWER TO COUNTERCLAIMS

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

23. Freddie Mac refers to the Third Amended Complaint for the allegations contained therein and, therefore, no response from Freddie Mac is necessary. To the extent that a response is required, Freddie Mac admits the County has made the allegations set forth in paragraph 23, but denies such allegations in their entirety to the extent such allegations attempt to invalidate in any manner the perfected security interest of the Freddie Mac Trust Deed and Note.

24. Freddie Mac refers to the Third Amended Complaint for the allegations contained therein and, therefore, no response from Freddie Mac is necessary. To the extent that a response is required, Freddie Mac admits the County has made the allegations set forth in paragraph 24, but denies such allegations in their entirety to the extent such allegations attempt to invalidate in any manner the perfected security interest of the Freddie Mac Trust Deed and Note.

25. Freddie Mac refers to the Third Amended Complaint for the allegations contained therein and, therefore, no response from Freddie Mac is necessary. To the extent that a response is required, Freddie Mac admits the County has made the allegations set forth in paragraph 25, but denies such allegations in their entirety to the extent such allegations attempt to invalidate in any manner the perfected security interest of the Freddie Mac Trust Deed and Note.

26. Freddie Mac refers to the Third Amended Complaint for the allegations contained therein and, therefore, no response from Freddie Mac is necessary. To the extent that a response is required, Freddie Mac admits the County has made the allegations set forth in paragraph 26, but denies such allegations in their entirety to the extent such allegations attempt to invalidate in any manner the perfected security interest of the Freddie Mac Trust Deed and Note.

27. Paragraph 27 states conclusions of law and, therefore, no response from Freddie Mac is necessary. To the extent that a response is required, Freddie Mac refers to the decision in

Page 5 - COUNTERCLAIM-DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S ANSWER TO COUNTERCLAIMS

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

*Niday* for the holding thereof. Freddie Mac further admits that it is not counter to public policy or Oregon law for MERS to be designated as the beneficiary on a trust deed as the nominee for the lender and its successors and assigns.

28.  Paragraph 28 states a conclusion of law and, therefore, no response from Freddie Mac is necessary. To the extent that a response is required, Freddie Mac refers to the decisions in *Brandrup* and *Niday* for the contents thereof.

29.  Freddie Mac refers to the Third Amended Complaint for the allegations contained therein and, therefore, no response from Freddie Mac is necessary. To the extent that a response is required, Freddie Mac admits the County has made the allegations set forth in paragraph 29, but denies such allegations in their entirety to the extent such allegations attempt to invalidate in any manner the perfected security interest of the Freddie Mac Trust Deed and Note.

30.  Freddie Mac admits the allegations in Paragraph 30.

31.  Freddie Mac admits the allegations in Paragraph 31.

32.  Paragraph 32 states conclusions of law and, therefore, no response from Freddie Mac is necessary. To the extent that a response is required, Freddie Mac admits that MERS is seeking such relief.

## COUNT II

### Declaratory Relief

33.  Paragraph 33 incorporates the allegations of the previous paragraphs and no additional response is required. To the extent a response is required, Freddie Mac incorporates its previous answers, as if fully set forth herein.

Page 6 - COUNTERCLAIM-DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S ANSWER TO COUNTERCLAIMS

MARTIN, BISCHOFF, TEMPLETON, LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

34. The allegations of paragraph 34 are directed against a counterclaim defendant other than Freddie Mac and, therefore, no response is required. To the extent a response is required, Freddie Mac lacks sufficient information and belief to admit or deny the allegations of Paragraph 34 and, therefore, denies the same.

35. The allegations of paragraph 35 are directed against a counterclaim defendant other than Freddie Mac and, therefore, no response is required. To the extent a response is required, Freddie Mac lacks sufficient information and belief to admit or deny the allegations of Paragraph 35 and, therefore, denies the same.

36. The allegations of paragraph 36 are directed against a counterclaim defendant other than Freddie Mac and, therefore, no response is required. To the extent a response is required, Freddie Mac lacks sufficient information and belief to admit or deny the allegations of Paragraph 36 and, therefore, denies the same.

37. The allegations of paragraph 37 are directed against a counterclaim defendant other than Freddie Mac and, therefore, no response is required.

38. The allegations of paragraph 38 are directed against a counterclaim defendant other than Freddie Mac and, therefore, no response is required. To the extent a response is required, Freddie Mac refers to Exhibit B to the Counterclaims for the contents thereof.

39. The allegations of paragraph 39 are directed against a counterclaim defendant other than Freddie Mac and, therefore, no response is required. To the extent a response is required, Freddie Mac refers to Exhibit B to the Counterclaims for the contents thereof.

Page 7 -   COUNTERCLAIM-DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S ANSWER TO COUNTERCLAIMS

MARTIN, BISCHOFF, TEMPLETON, LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

40. The allegations of paragraph 40 are directed against a counterclaim defendant other than Freddie Mac and, therefore, no response is required. To the extent a response is required, Freddie Mac refers to Exhibit B to the Counterclaims for the contents thereof.

41. The allegations of paragraph 41 are directed against a counterclaim defendant other than Freddie Mac and, therefore, no response is required. To the extent a response is required, Freddie Mac lacks sufficient information and belief to admit or deny the allegations of Paragraph 41 and, therefore, denies the same.

42. The allegations of paragraph 42 are directed against a counterclaim defendant other than Freddie Mac and, therefore, no response is required. To the extent a response is required, Freddie Mac refers to the Third Amended Complaint for the contents thereof.

43. The allegations of paragraph 43 are directed against a counterclaim defendant other than Freddie Mac and, therefore, no response is required. To the extent a response is required, Freddie Mac refers to the Third Amended Complaint for the contents thereof.

44. The allegations of paragraph 44 are directed against a counterclaim defendant other than Freddie Mac and, therefore, no response is required. To the extent a response is required, Freddie Mac refers to the Third Amended Complaint for the contents thereof.

45. The allegations of paragraph 45 are directed against a counterclaim defendant other than Freddie Mac and, therefore, no response is required. To the extent a response is required, Freddie Mac admits that it is not counter to public policy or Oregon law for MERS to be designated as the beneficiary on a trust deed as the nominee for the lender and its successors and assigns.

Page 8 -   COUNTERCLAIM-DEFENDANT FEDERAL HOME LOAN
            MORTGAGE CORPORATION'S ANSWER TO COUNTERCLAIMS

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

46. The allegations of paragraph 46 are directed against a counterclaim defendant other than Freddie Mac and, therefore, no response is required To the extent that a response is required, Freddie Mac refers to the decisions In *Brandrup* and *Niday* for the contents thereof.

47. The allegations of paragraph 47 are directed against a third-party defendant other than Freddie Mac and, therefore, no response is required. To the extent a response is required, Freddie Mac refers to the Third Amended Complaint for the contents thereof.

48. The allegations of paragraph 48 are directed against a counterclaim defendant other than Freddie Mac and, therefore, no response is required.

49. The allegations of paragraph 49 are directed against a counterclaim defendant other than Freddie Mac and, therefore, no response is required.

50. The allegations of paragraph 50 are directed against a counterclaim defendant other than Freddie Mac and, therefore, no response is required.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Freddie Mac states as follows:

FIRST AFFIRMATIVE DEFENSE

(Affirmative Defenses Reserved)

51. Freddie Mac alleges that at this time it has insufficient knowledge or information on which form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Freddie Mac, therefore, reserves the right to assert additional affirmative defenses in the event that discovery indicates they would be appropriate.

///

///

Page 9 -   COUNTERCLAIM-DEFENDANT FEDERAL HOME LOAN
            MORTGAGE CORPORATION'S ANSWER TO COUNTERCLAIMS

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

WHEREFORE, Freddie Mac prays for a judgment from this Court:

1. That protects Freddie Mac's rights and interests under its Trust Deed and Note, finding that the Freddie Mac Trust Deed is a valid lien.

2. That protects Freddie Mac's rights and interests under its Trust Deed and Note, finding that, Freddie Mac, as the current holder of the Freddie Mac Note, is entitled to the priority of the lien that was obtained when the Freddie Mac Trust Deed was recorded on February 10, 2014.

3. For such relief as this Court deems appropriate; and,

4. Awarding Freddie Mac its costs and disbursements, and its reasonable attorney's fees, to the extent allowed by law, and expenses incurred in defending this action.

DATED: July 23, 2015.

                MARTIN, BISCHOFF, TEMPLETON,
                LANGSLET & HOFFMAN, LLP

                By:   s/ Philip A. Rush
                     **Philip A. Rush**, OSB #893526
                     Email: prush@martinbischoff.com
                     **Michael J. Farrell**, OSB #902587
                     Email: mfarrell@martinbischoff.com
                     **Alice S. Newlin**, OSB #084314
                     Email: anewlin@martinbischoff.com
                     Tel: (503) 224-3113
                     Fax: (503) 224-9471

                     **Mark S. Landman**, *admitted pro hac vice*
                     Email: mlandman@lcbf.com
                     Landman Corsi Ballaine & Ford, PC
                     120 Broadway
                     New York, NY 10271
                     Tel: (212) 238-4880

                     *Attorneys for Counterclaim-Defendant Federal Home Loan Mortgage Corporation*

Page 10 - COUNTERCLAIM-DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S ANSWER TO COUNTERCLAIMS

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2015, I served a copy of the foregoing COUNTERCLAIM-DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS on the attorneys for the parties listed below by causing a true copy thereof to be sent to each attorney's last known e-mail address as specified below:

| | |
|---|---|
| Gregory A. Chaimov<br>Davis Wright Tremain LLP<br>1300 SW Fifth Avenue, Suite 2400<br>Portland, OR 97201-5610<br>Email: gregorychaimov@dwt.com<br>*Attorneys for Defendants Mortgage Electronic Registration Systems, Inc.; MERSCORP Holdings, Inc.; JP Morgan Chase Bank and WMC Mortgage LLC, as successor in interest to WMC Mortgage Corp.* | Thomas D'Amore<br>Nicholas A. Kahl<br>D'Amore Law Group<br>4230 Galewood St., Suite 200<br>Lake Oswego, OR 97025<br>Email: tom@damorelaw.com; nkahl@damorelaw.com<br>*Of Attorneys for Plaintiff* |
| Pilar C. French<br>Brian T. Kiolbasa<br>Robert E. Maloney, Jr.<br>Lane Powell PC<br>601 SW Second Ave., Suite 2100<br>Portland, OR 97204-3158<br>Email: frenchp@lanepowell.com;<br>kiolbasab@lanepowell.com;<br>maloneyr@lanepowell.com<br>*Attorneys for Bank of America, NA, dba Banc of America Investment Services, Inc.; Everbank Mortgage Company, and Wells Fargo Bank N.A.* | Russell D. Garrett<br>Leta E. Gorman<br>Jordan Ramis<br>2 Centerpointe Dr., 6th Fl.<br>Lake Oswego, OR 97035<br>Email: russ.garrett@jordanramis.com;<br>leta.gorman@jordanramis.com<br>*Attorneys for CitiMortgage, Inc.* |
| Erich M. Paetsch<br>Saalfeld Griggs PC<br>250 Church Street SE, Suite 300<br>PO Box 470<br>Salem, OR 97308<br>Email: epaetsch@sglaw.com<br>*Attorneys for Columbia State Bank, successor in interest by merger to West Coast Bank, and Citizens Bank* | Joseph F. Savage Jr., *admitted pro hac vice*<br>Yvonne W. Chan, *admitted pro hac vice*<br>Goodwin Procter LLP<br>53 State Street<br>Boston, MA 02109-2802<br>Email: jsavage@goodwinproctor.com;<br>ychan@goodwinproctor.com<br>*Of Attorneys for Defendants Bank of America, N.A. and Wells Fargo Bank, N.A.* |
| Fred Burnside<br>Davis Wright Tremaine<br>1201 Third Ave., Suite 2200<br>Seattle, WA 98101-3045<br>Email: fredburnside@dwt.com<br>*Of Attorneys for Defendants MERS and MERSCORP Holdings, Inc.* | Brent L. Crumpton, *admitted pro hac vice*<br>3755 Village Ln.<br>Birmingham, AL 35233<br>Email: blc@crumptonlaw.com<br>*Of Attorneys for Plaintiff* |

Page 1 -    CERTIFICATE OF SERVICE

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

| | |
|---|---|
| Robert M. Brochin, *admitted pro hac vice*<br>Clay M. Carlton, *admitted pro hac vice*<br>David W. Marston, Jr., *admitted pro hac vice*<br>Morgan Lewis & Beckius LLP<br>200 S Biscayne Blvd. Suite 5300<br>Miami, FL 33131-2310<br>Email: rbrochin@morganlewis.com;<br>ccarlton@morganlewis.com;<br>dmarston@morganlewis.com<br>*Of Attorneys for Defendants MERS and MERSCORP Holdings, Inc.* | Thomas V. Panoff, *admitted pro hac vice*<br>Lucia Nale, *admitted pro hac vice*<br>Christopher S. Comstock, *admitted pro hac vice*<br>Thomas P. Evans, *admitted pro hac vice*<br>Mayer Brown LLP<br>71 South Wacker Dr.<br>Chicago, IL 60606<br>Email: tpanoff@mayerbrown.com;<br>lnale@mayerbrown.com;<br>ccomstock@mayerbrown.com;<br>tevans@mayerbrown.com<br>*Of Attorneys for Defendant CitiMortgage, Inc.* |
| Gregory J. Marshall, *admitted pro hac vice*<br>Snell & Wilmer<br>400 E. Van Buren St., Suite 1900<br>Phoenix AZ 85004-2202<br>Email: gmarshall@swlaw.com<br>*Of Attorneys for Defendant SunTrust Mortgage, Inc.* | Matthew P. Previn, *admitted pro hac vice*<br>Buckley Sandler LLP<br>1133 Avenue of the Americas Suite 3100<br>New York, NY 10036<br>Email: mprevin@buckleysandler.com<br>*Of Attorneys for JP Morgan Chase Bank and WMC Mortgage LLC, as successor in interest to WMC Mortgage Corp.* |
| Andrew R. Louis<br>Buckley Sandler LLP<br>1250 24th St. NW, Suite 700<br>Washington DC 20037<br>Email: alouis@buckleysandler.com<br>*Of Attorneys for JP Morgan Chase Bank and WMC Mortgage LLC, as successor in interest to WMC Mortgage Corp.* | Shawn J. Larsen-Bright<br>Dorsey & Whitney LLP<br>701 Fifth Avenue, Suite 6100<br>Seattle, WA 98104-7043<br>Email: Larsen.bright.shawn@dorsey.com;<br>sterner.nelson.amy@dorsey.com;<br>carter.peter@dorsey.com<br>*Of Attorneys for Defendant U.S. Bank National Association, in its individual capacity* |
| B. John Casey<br>K&L Gates LLP<br>One SW Columbia St., Suite 1900<br>Portland, OR 97258<br>Email: john.casey@klgates.com<br>*Of Attorneys for Defendant SunTrust Mortgage, Inc.* | Henry F. Reichner, *admitted pro hac vice*<br>Reed Smith LLP<br>Three Logan Square Suite 3100<br>1717 Arch St.<br>Philadelphia PA 19103<br>Email: hreichner@reedsmith.com<br>*Of Attorneys for Defendant U.S. Bank, N.A. in its capacity as trustee of any specific residential mortgage-backed securitization trusts at issue* |

Page 2 - CERTIFICATE OF SERVICE

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113
Fax (503) 224-9471

| | |
|---|---|
| William L. Larkins, Jr.<br>Larkins Vacura LLP<br>121 SW Morrison St., Suite 700<br>Portland, OR 97205<br>Email: wlarkins@larkinsvacura.com<br>*Of Attorneys for Defendant U.S. Bank, N.A. in its capacity as trustee of any specific residential mortgage-backed securitization trusts at issue* | Craig L. Lowell, *admitted pro hac vice*<br>Wiggins, Childs, Quinn & Pantazis LLC<br>301 19th St. N.<br>Birmingham, AL 35203<br>Email: clowell@wcqp.com<br>*Of Attorneys for Plaintiff* |
| Joseph F. Yenouskas, *admitted pro hac vice*<br>Thomas M. Hefferon, *admitted pro hac vice*<br>Goodwin Proctor LLP<br>901 New York Avenue NW<br>Washington DC 20001-4432<br>Email: jyenouskas@goodwinproctor.com;<br>thefferon@goodwinprocter.com<br>*Of Attorneys for Defendants Bank of America, N.A. and Wells Fargo Bank N.A.* | Amy F. Sorenson, *admitted pro hac vice*<br>Snell & Wilmer LLP<br>15 W. South Temple, Suite 1200<br>Salt Lake City, UT 84101<br>Email: asorenson@swlaw.com<br>*Of Attorneys for Defendant SunTrust Mortgage, Inc.* |
| Paul R. Dieseth, *admitted pro hac vice*<br>Dorsey & Whitney LLP<br>50 South Sixth St., Suite 1500<br>Minneapolis, MN 55402<br>Email: dieseth.paul@dorsey.com<br><br>*Of Attorneys for Defendant U.S. Bank National Association, in its individual capacity* | |

                                           MARTIN, BISCHOFF, TEMPLETON,
                                           LANGSLET & HOFFMAN LLP

                                   By:   s/ Philip A. Rush
                                         Philip A. Rush, OSB #893526
                                         Michael J. Farrell, OSB #902587
                                         Alice S. Newlin, OSB #084314
                                         Of Attorneys for Counterclaim-Defendant Federal
                                             Home Loan Mortgage Corporation

Page 3 -   CERTIFICATE OF SERVICE

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113
Fax (503) 224-9471